UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 10-199-KKC

RAYMOND HARRIS,                                                                          PETITIONER,

V.     **MAGISTRATE JUDGE'S REPORT
        AND RECOMMENDATION**

COOKIE CREWS,
*Warden, Kentucky State Reformatory*                                            RESPONDENT.

## I. INTRODUCTION

Petitioner, Raymond Harris, a prisoner currently incarcerated at the Kentucky State Reformatory, located in LaGrange, Kentucky, filed herein a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [R. 1]. Consistent with local practice, this matter was referred to the undersigned for the preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

On July 29, 2010, the undersigned gave the Petitioner forty-five (45) days to pay the required $5 filing fee for his petition for writ of habeas corpus. [R. 2]. That period of time has elapsed without payment of the fee or further filings from the Petitioner. For the reasons set forth below, it is recommended that this matter be dismissed without prejudice.

## II. ANALYSIS

Under the Rules Governing Habeas Corpus Cases, a petition for writ of habeas corpus must be accompanied by:

    (1)    the applicable filing fee, or

    (2)    a motion for leave to proceed *in forma pauperis*, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petition has in any account in the institution.

Rule 3(a) of the Rules Governing Habeas Corpus Cases under Section 2254. In the present case, the Petitioner filed his petition for writ of habeas corpus on July 20, 2010. [R. 1]. The petition was accompanied by neither the $5 filing fee, nor a motion for leave to proceed *in forma pauperis*. On July 29, 2010, the undersigned issued an order granting the Petitioner forty-five (45) days to pay the filing fee; over seventy (70) days have now passed and the Petitioner has made no filings with the Court, nor has the $5 filing fee been received.

Where a habeas petitioner has failed to pay the filing fee, failed to move to proceed *in forma pauperis*, and has ignored a deficiency order from the Court, the proper remedy is to dismiss the petition without prejudice. See Gravitt v. Tyszkiewicz, 14 F. App'x 348, 349 (6th Cir. 2001) *citing* McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997); see also Gomez v. Davis, 2:07-cv-12505, 2007 WL 2953463 (E.D. Mich. October 9, 2007).

## III. CONCLUSION

Accordingly, for the reasons set forth above, it is RECOMMENDED as follows:

    (1)    The Petition for Writ of Habeas Corpus [R. 1] be DISMISSED WITHOUT PREJUDICE;

    (2)    Nothing in this recommendation precludes the Petitioner from, within fourteen (14) days of the date of this order, submitting the $5 filing fee to the Court or submitting the documentation required for a motion to proceed *in forma pauperis* under Rule 3(a) of the Rules

Governing Habeas Corpus Cases Under Section 2254 .

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed October 12, 2010.

Signed By:
*Edward B. Atkins*   *EBA*
**United States Magistrate Judge**